## W. E. HEYSER LUMBER CO. v. MAYTON LUMBER CO.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1922.)

### No. 1924.

Sales ⚮101, 174—Default of buyer excuses nondelivery; right to rescind not waived, as to future installments, by acceptance of past-due installments.

A buyer of lumber to be delivered in installments, each installment to be paid for within 30 days after shipment, which was in default for several payments, cannot maintain an action against the seller for breach of the contract in refusing to make further shipments, nor was acceptance of payment by the seller thereafter a waiver of the right to rescind the contract as to future deliveries.

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of West Virginia, at Parkersburg; William E. Baker, Judge.

Action at law by the W. E. Heyser Lumber Company against the Mayton Lumber Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Francis P. Moats, of Parkersburg, W. Va. (Geo. W. Johnson, of Parkersburg, W. Va., on the brief), for plaintiff in error.

J. C. McWhorter, of Buckhannon, W. Va. (Young & McWhorter, of Buckhannon, W. Va., on the brief), for defendant in error.

Before KNAPP, WOODS, and WADDILL, Circuit Judges.

KNAPP, Circuit Judge. In the court below the W. E. Heyser Lumber Company, plaintiff in error, was plaintiff, and the Mayton Lumber Company defendant; they will be so designated in this opinion. The action is for breach of contract, and the material facts appear to be these:

Early in June, 1916, defendant sold to plaintiff 300,000 feet of 6/4 hard maple, to be delivered on board cars at Pickens, W. Va., and shipped as ordered by plaintiff when 60 to 90 days dry. Defendant asserts, and the trial court held, that this contract was rescinded or superseded by a second contract, made in the latter part of August, by which defendant sold to plaintiff 500,000 feet of 8/4 hard maple and five cars of soft maple, at specified prices, and with the same conditions respecting deliveries and shipments as provided in the first contract. It is enough to say here that the cancellation of the June contract, or its merger in the August agreement, was clearly established by the testimony, and the latter therefore presents the only question that needs to be considered.

Plaintiff admits, or at least does not deny, that under the August contract deliveries were promptly made from time to time as ordered until a total of about 209,000 feet of hard maple had been shipped, of which the last carload was delivered on the 10th of November; that payment was due in each case "in 30 days after the date of the invoice"; that payment for the November shipment and previous shipments became due on or before the 10th of December; that an aggregate of more than $8,300 was then due and remained unpaid; that plaintiff also owed at that time a past-due debt of some $3,000 to the Sun Lumber Company, an associate concern having the same president and practically the same ownership as defendant; and that because of this default of payment defendant refused to make further deliveries.

Without adding to this review of the testimony we need only say that careful examination confirms the summary of the case by the learned trial judge, as follows:

"In this case it is undisputed that the plaintiff company did receive and accept several installments of the lumber under the 500,000-foot 8/4 contract; that it did not pay therefor as required by the terms of the contract; that it finally did settle the past-due indebtedness, but before doing so sought to make the continuation of the contract a condition precedent to the payment thereof; but defendant did not agree to such condition, and finally refused

to continue the contract or make further shipments and deliveries thereunder."

And the following was stated to be the applicable rule of law:

"A buyer of goods under a commercial contract to pay for each successive installment within a fixed period after delivery, who suffers one or more of such payments to be in default, and fails to respond to repeated requests and demands on the part of the seller to make such payments, cannot maintain an action against the seller for an alleged breach of the contract in failing to make future deliveries. The buyer in such case is in default, and the right of the seller to rescind the contract is by law held to be undeniable. The legal obligation upon the buyer is to pay such debt due for goods so delivered and accepted by him upon demand and without condition attached to such payment. In such case the seller may accept payment of overdue payments for the delivered installments without being held by law to have waived his right to cancel the contract for future deliveries. The past-due installments are due him for the value therefrom received by the buyer, and the seller can only be held to have waived his right to cancel by an express agreement upon his part to do so."

A verdict for defendant was accordingly directed, and the case comes here on writ of error.

We are of opinion that the ruling just quoted is sustained by the decided weight of modern authority. A few citations will suffice. In R. C. L. § 559, where numerous decisions are collated, the governing principle is stated as follows:

"Where a contract of sale provides for deliveries in installments and the payment of the price of each installment as delivered, or within a stated time thereafter, and before the delivery of the following installments is due default in payment is made, the seller may rescind the contract."

In Ohio Valley Buggy Co. v. Anderson Forging Co., 168 Ind. 593, 81 N. E. 574, 11 Ann. Cas. 1045, the court says:

"A buyer of goods under a contract to pay for each successive installment within 60 days after delivery, who fails repeatedly to make such payments within the required time, cannot maintain an action against the seller for an alleged breach of the contract in failing to make further deliveries. The default of the buyer gives the seller the right to rescind the contract."

In the syllabus of Hull Coal & Coke Co. v. Empire Coal & Coke Co., decided by this court, 113 Fed. 256, 51 C. C. A. 213, it is said:

"Where a buyer in a contract for weekly shipments of coke for a fixed period failed to pay on the 20th of the month for the coke received during the preceding month, as required by the terms of the contract, the seller might repudiate the contract; the latter not being in default."

The same rule obtains where the buyer of goods to be shipped in installments refuses acceptance of belated shipments, because not made within the time provided in the contract, and the seller sues to recover damages. Such a case is Norrington v. Wright, 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366, in which the subject is discussed at length and the leading American and English decisions carefully analyzed and distinguished. The conclusion of the court is stated in these words (115 U. S. 205, 6 Sup. Ct. 15, 29 L. Ed. 366):

"The plaintiff, denying the defendants' right to rescind, and asserting that the contract was still in force, was bound to show such performance on his part as entitled him to demand performance on their part, and, having failed to do so, cannot maintain this action."

In our judgment this covers the instant case. When defendant refused to make further deliveries, plaintiff was in default; the contract on its part had been broken, not merely in a technical sense, due to inadvertence or excusable neglect, but in a substantial and important respect, and under circumstances which cast some doubt upon its continuing solvency. Moreover, plaintiff was apparently aware that it was not entitled to demand performance by defendant, for it sought a promise that shipments would be renewed if payment was made of the amount in arrears, and it was only after failure to obtain such a promise that its indebtedness was discharged. This being so, it seems clear that the acceptance by defendant of past-due payments was not a waiver of its right to rescind. As is said in Ohio Valley Buggy Co. v. Anderson Forging Co., supra:

"In such a case the seller of the goods, by accepting overdue payments for installments delivered, does not waive the right to rescind the contract as to remaining installments, or to interpose, in an action by the buyer for breach of the contract, the defense that payments were not made when due."

See, also, Tiedeman on Sales, § 210, in which the point is fully discussed and numerous cases cited.

Affirmed.